STATE OF HAWAI'I, Plaintiff-Appellant,
v.
PAUL W. RENDON, Defendant-Appellee
No. 28288
Intermediate Court of Appeals of Hawaii.
April 27, 2009.
On the briefs:
James M. Anderson, Deputy Prosecuting Attorney, for Plaintiff-Appellant.
Thomas Waters, (Waters & Young), for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
By: RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Plaintiff-Appellant State of Hawai'i appeals from the October 31, 2006 Judgment of Conviction and Sentence filed in the Circuit Court of the First Circuit (circuit court).[1]
Defendant-Appellee Paul W. Rendon was charged by way of complaint filed on November 29, 2005 with one count of unlawful methamphetamine trafficking in violation of Hawaii Revised Statutes (HRS) § 712-1240.6(3) (Supp. 2005), for the manufacture, distribution, or dispensing of less than one-eighth ounce of methamphetamine on November 20, 2005.
On August 21, 2006, Rendon entered a plea of guilty as charged. At the sentencing hearing on October 30, 2006, the State asked that Rendon, who had a prior felony drug conviction, be sentenced to 2 0 years of imprisonment with an eight-year mandatory minimum under the statute in effect at the time of the offense, i.e., HRS § 712-1240.6(3)(b). Rendon asked that he be sentenced to ten years with a mandatory minimum of two years under the "new" statute, i.e., HRS § 712-1240.8(3) (Supp. 2008) which was enacted by Act 230 of the 2006 legislature.[2] The circuit court held that because the plea and sentencing occurred after the effective date of Act 23 0, the circuit court had the discretion to sentence Rendon under the provisions of that law. The circuit court sentenced Rendon to a maximum term of ten years and a mandatory minimum term of two years.
The sole issue on appeal is whether the circuit court erred in sentencing Rendon under HRS § 712-1240.8 rather than HRS § 712-1240.6 (3) .
After a careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the State's point of error as follows:
The circuit court erred by failing to sentence Rendon under HRS § 712-1240.6(3), which was in effect both when Rendon committed the offense and when he was charged in the instant case. Act 230 contained a savings clause which provided that "[t]his Act does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun, before its effective date." 2006 Haw. Sess. L. Act 230, § 51 at 1024. An identically worded savings clause was interpreted by the Hawai'i Supreme Court in State v. Reis, 115 Hawai'i 79, 165 P.3d 980 (2007). The issue there was whether Act 44 from the 2004 legislative session applied to a defendant who had committed the offense, been charged and pleaded guilty, but who had not yet been sentenced before Act 44 took effect. Id. at 82, 165 P.3d at 983. Based on the savings clause, the court concluded that Act 44 did not apply, even though Act 44 was intended to have an ameliorative effect on sentencing. Id. at 93, 98, 165 P.3d at 994, 999 (holding that "a defendant incurs, at the moment he or she commits the offense, liability for the criminal penalty in effect at the time of the commission of the offense [,]" and further holding that "because Reis was charged on January 5 and April 13, 2004, prior to Act 44's effective date of July 1, 2004, the circuit court erred in applying Act 44's ameliorative amendments to her sentence by failing to observe the statutory command" of the savings clause) (emphasis in original). The reasoning of Reis is directly applicable here.
Accordingly, the October 31, 2006 Judgment of Conviction and Sentence filed in the Circuit Court of the First Circuit is vacated, and this case remanded for further proceedings consistent with this order.
NOTES
[1] The Honorable Steven S. Aim presided.
[2] Act 230 went into effect on June 22, 2006. 2006 Haw. Sess. L. Act 230, § 54 at 1025. Act 23 0 repealed HRS § 1240.6 and replaced it with three new sections, which were codified as HRS §§ 712-1240.7,.8 and .9 (2008 Supp.). Id. at §§ 4, 50.